<div style="float:left">PATRICK<br><i>v.</i><br>MURPHY.</div>

unless the creditor has expressly declared that he intends to discharge his debtor who has made the delegation." Tested by these principles, it is perfectly clear to our minds, that the appellant's defence has no legal ground to rest on. The case of *Walton* v. *Béauregard*, 1 R. R. 301, on which the appellant relies, is clearly distinguishable from the present. There the creditor, without the consent of the original debtor, had granted to the delegated debtor, a delay which impaired the security, so as to make the obligation more onerous to the original debtor. But here it appears to have been otherwise. The evidence repels the presumption, that any intention existed on the part of the plaintiffs to novate their debt, or that they were intended either directly or by legal implication, to discharge the defendant. The notes of *Bludworth*, it is shown, were given to them as collateral security. Apart from this, nothing shows that the plaintiffs ever consented to grant any prolongation of payment. The agreement relied on, depended on a certain contingency, which never happened, and must consequently be viewed as not having any legal effect. Even admitting it was legal, it would only amount to a prolongation granted to the partnership, and not to *Bludworth* individually. As the facts are presented by the record, we do not think that the notes of *Bludworth* could have operated as an estoppel, or prevented the plaintiffs to coerce, in the meantime, the payment of their debt against the partnership. We are at a loss to discover how the acts of the plaintiffs in this matter could have operated to the prejudice of the defendant, or rendered his obligation more onerous. The doctrine of novation is clearly announced in the case of *Jacobs* v. *Calderwood*, 4 An. 509, and is directly in point.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs in both courts.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

HUGH LYNCH & CO. *v.* THE MAYOR AND COUNCIL OF ALEXANDRIA.

The corporation of Alexandria imposed an annual *ad valorem* tax of one-half of one per cent., on all the goods, wares and merchandize, kept for sale in any shop or store in the town of Alexandria, where the assessed value of the said goods, wares and merchandize, shall exceed the sum of $2000. *Held :* That the ordinance was in effect " equal," " uniform," and constitutional.

APPEAL from the District Court of the Parish of Rapides, *Cushman*, J. *Hyman*, for plaintiffs and appellants. *Elgee & Hyams*, for defendants.

VOORHIES, J. The plaintiffs have enjoined the collection of a tax imposed by the corporate authorities of the town of Alexandria, under an ordinance passed on the 7th of January, 1853, to provide a revenue for the requisite expenditures and government of the corporation. By that ordinance, the corporation have imposed " an annual *ad valorem* tax of one-half of one per cent., on all the goods, wares and merchandize, kept for sale in any shop or store in the town of Alexandria, where the assessed value of said goods, wares and merchandize, shall exceed the sum of $2000." The constitutionality of the tax is denied, on the ground that it is not equal and uniform. Evidence was adduced to show, that there are fourteen storekeepers in Alexandria, who keep goods for sale, who pay no tax, because their stock in trade does not amount to $2000, and by this ordinance the tax is only imposed upon the excess value

<div style="text-align: right">H. LYNCH & Co.<br>*v.*<br>MAYOR & COUNCIL<br>OF ALEXANDRIA.</div>

over $2000 of merchandize kept for sale. We think the principle of equality and uniformity required by the Constitution has been observed in the ordinance imposing this tax, because all persons keeping goods for sale enjoy equally an exemption from the tax on their goods, to the extent of $2000, and all are equally taxed for any excess over that amount. The objection that a few merchants, having a large stock of goods, might, in the practical operation of this ordinance, have to bear the principal burthen of supporting the expenses of the government, is one which cannot be avoided, and as an evil and inconvenience results rather from the inequality of the fortunes of individuals, than from a want of uniformity and equality in the tax.

Our jurisdiction in this case, in which the amount involved is less than $300, is confined to the question of the constitutionality and legality of the tax as imposed by the ordinance in question.

We are of opinion that the tax is legal and constitutional, and that the judgment of the court below is therefore affirmed, with costs.